**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2789
_____

UNITED STATES OF AMERICA

v.

WESLEY THOMAS,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cr-00121-003)
District Judge:  Gerald J. Pappert

_____

Submitted by the Clerk for possible dismissal as untimely
and on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 5, 2024
Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 11, 2024 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Wesley Thomas appeals pro se from the District Court's order denying his motion for compassionate release. The United States moved to summarily affirm the District Court's judgment and to be excused from filing a brief. See 3d Cir. L.A.R. 27.4. We grant the motion.

In 2015, Thomas pleaded guilty to four counts of Hobbs Act robbery, see 18 U.S.C. § 1951(a), and two counts of brandishing a firearm during and in relation to a crime of violence, see 18 U.S.C. § 924(c). The District Court sentenced him to 180 months' imprisonment. In 2020, Thomas moved for compassionate release, which the District Court denied. We summarily affirmed the District Court's judgment. See United States v. Thomas, 854 F. App'x 421 (3d Cir. 2021) (per curiam).

In 2024, Thomas filed another motion for compassionate release. He submitted that his father's Parkinson's disease had advanced significantly and that his father needed his care. Thomas also highlighted his rehabilitation and low risk of recidivism. Additionally, Thomas claimed that over the past few years, he had experienced harsh confinement conditions due to COVID-19. Finally, Martin re-argued that his sentence was excessive, and that if he had been sentenced today, he would have received a lesser sentence because of the First Step Act.

The District Court denied the motion. It found that although Thomas's father's need for care presented an extraordinary and compelling reason for release, the factors in 18 U.S.C. § 3553(a) nonetheless weighed against granting the motion. The Court determined that Thomas's sentence remained appropriate because he "helped facilitate four armed robberies, during which innocent people were threatened at gunpoint, at times

2

in front of their family members." Dist. Ct. Dkt. No. 175 at 3-4. The Court recognized Thomas's "noteworthy prison record" over his nine years of incarceration but determined that it did "not outweigh the need for the sentence to appropriately reflect the seriousness of his crimes, promote respect for the law and justly punish him for his role in these violent offenses." Id. at 4-5.

Martin appealed. The United States moved for summary action, and Martin opposed the motion.

We have appellate jurisdiction under 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if the appeal presents no substantial question. See 3d Cir. I.O.P. 10.6; Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We review the District Court's denial of the compassionate release motion for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We will affirm the District Court's judgment "unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. (cleaned up).

Under the compassionate release statute, a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, the court must consider the applicable factors set forth in § 3553(a). Id. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense," the "history and characteristics of the defendant," and the need for the sentence "to reflect the seriousness of the offense, to

3

promote respect for the law, and to provide just punishment for the offense." Id. § 3553(a)(1), 2(A).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against granting compassionate release.[1] As the District Court reasonably explained, the seriousness of Thomas's crimes and the need to provide punishment for Thomas's conduct outweighed Thomas's good behavior while incarcerated. Though Thomas argues that the District Court should have placed more weight on his rehabilitation and his father's health condition, we cannot conclude that the Court abused its discretion when weighing the factors. See Pawlowski, 967 F.3d at 329-31; see also United States v. Bungar, 478 F.3d 540, 543 (3d Cir. 2007) (explaining that our review of the application of the § 3553(a) factors is "highly deferential"). Accordingly, we will affirm the District Court's judgment.

---

[1] Based on this conclusion, we need not address Thomas's "extraordinary and compelling reasons." See 18 U.S.C. § 3582(c)(1)(A).